May it please the court, your honors. Good morning. My name is William Adams. I represent the appellate, Jim Capp, Lending I LLC. We're here today before you to challenge the August 17, 2015 ruling of the lower court dissolving a preliminary injunction. We do not bring an issue like this before the court lightly, but we bring this matter to this court's attention because we believe that the trial court abused its discretion in three distinct ways. First of all, the August 17, 2015 order, which forms the basis of this appeal, is internally inconsistent. Secondly, the manner in which the trial court saw fit to dissolve the preliminary injunction that was in place for two years provided no opportunity for the parties to brief or address the consequences of such a dissolution. And three, the result of the dissolution of the preliminary injunction leads to an illogical and inequitable result. The first point on the internal inconsistency, the court was addressing a request by the remaining parties in the case seeking to relieve Diversified of the funds that it admitted it had no ownership or entitlement to in favor of Crop USA, the defendant who was contractually owed those sums, so that they in turn could provide them to my client to partially satisfy a rather sizable settlement. Was Crop USA in the case at that point? I thought they were in a settlement. No, Your Honor, Crop USA was in the case. What about the subagents? I'm sorry? The subagents, the other claimants to the money. The subagents were never parties to the settlement. Why isn't that the problem? Because you're asking the court to hold authority over this fund when the litigation before the court couldn't resolve the question of where the money should go. Well, Your Honor, the response... Well, isn't that true? The litigation wasn't going to resolve where the money should go. The litigation could resolve where the money could go. Yes, it could. How could the subagent claims be litigated? Because the subagent's obligations are governed solely by a contract between Crop USA and those subagents. And they're not parties to the case, so they don't have a right to speak to that issue? They have a right to pursue any claim that they see fit against their contracting party, Crop USA. They needn't do that in the context of this litigation where the issue was, A, whether or not Crop USA had defaulted on its obligation to JABCAP and whether or not that default resulted in a perfection of a secured interest by my client in those funds. And you could get a judgment in this litigation against Crop USA. Indeed, by stipulation, I guess you are on your way to that judgment. Is that correct? We have a judgment against Crop USA. Okay, so how can this litigation help you? This litigation is... Well, if the court has reviewed the rather complex settlement structure between Crop USA and JABCAP, the court will appreciate that we are in a situation where we are in a court-involved judgment collection proceeding, which the lower court is involved in, has been advising on, and maintains jurisdiction over it in order that the judgment proceeds can be maximized, reducing the liability exposure of the remaining defendant in the case with the objective of ultimately resolving the case. The issue of Diversified's obligation to Crop USA is governed exclusively by its sales agency agreement of July 21, 2011, between Diversified and Crop USA. Diversified stands no liability exposure whatsoever to any subagent by virtue of paying the money that they contractually owe to Crop USA, number one, or by paying over... The subagents have an absolute right to speak to it. They have a right by virtue of their access to the courts. If they have a dispute... You could have brought them in. You could have made this, in effect, an interpleader action and apparently elected not to do so. There's no claim against Diversified anymore. Why is it the court should bother to use its own authority to tie the money up in Diversified's hands when you're in a position to take care of yourself? Because the outcome of this case was intended to resolve the issue of the rightful owner of these particular proceeds. But it wasn't because you didn't name the subagents. They're not in the case. The subagents were not a necessary party to the resolution of the issues that were before the court, Your Honor. Well, you didn't litigate those issues, right? You settled with Crop USA. So the district court dismissed the breach of contract or granted summary judgment to Diversified on the breach of contract claim against Diversified. My understanding is at this point, the only litigation outstanding is between Gemcap and Taylor, the president of Crop USA. Is that wrong? That was my understanding. Partially correct, Your Honor. The disposition of the case is there is a matter before the Ninth Circuit on an attempted interpleader. So that's in play. There is no final adjudication of this case. And so at the end of the judgment collection activities and a disposition one way or the other, whether there's a dismissal of Taylor or an ultimate adjudication of the fraud-based claims, that will bring the case to a close, at which point the issue of Diversified's liability to Gemcap will be taken up on appeal. In the meantime, we have the court's continuing authority over the settlement process. The court is standing over and supervising the settlement activities, Your Honor. So we have a lot of activity in this case, in spite of the fact that we do have stipulated judgments from a number of the defendants. So by dissolving the preliminary injunction, that just allows Diversified now has control of the money, is no longer enjoined from transmitting the funds. And so what's the problem with that? The district court says, well, Gemcap's not the owner by its foreclosure. It rejected that argument. And so what's the problem with that? The problem with that, Your Honor, is that it doesn't resolve the issue that was before the court when the preliminary injunction was put into place. In fact, it invites a multiplicity of litigation in any location that a subagent wishes to initiate litigation. Well, when the preliminary injunction was issued, the district court says there was a breach of contract claim pending against Diversified, which it's now resolved. The breach of contract claim that was in the Iowa case, Your Honor? No, in this case. So Gemcap had a breach of contract claim against Diversified, which the district court resolved. So there's no claim against Diversified at all now. That's correct. Correct? That is correct, Your Honor. The only issue that remains for Diversified is its continuing obligation under the terms of the preliminary injunction that remained in place. And it wasn't a signatory to the settlement agreement between CropUSA and Gemcap, right? That is also correct, Your Honor. So all it is is it has a pile of money which is owed to someone at this point. CropUSA was the contractual entitled party to those sums. That's undisputed. CropUSA has made demand on Diversified outside of the litigation to release those monies. But it could sue. Couldn't CropUSA bring an action against Diversified for money that's rightfully owed to it? I guess that's not part of this lawsuit, right? That's correct, Your Honor. And that's part of the problem because the decision by the district court in this action, when it has these issues before it, is in a position to resolve these issues in a forum with a judge with the best knowledge of the facts of the case. So is CropUSA violating its settlement agreement with Gemcap in your view? So could Gemcap bring an action against CropUSA for breach of the settlement agreement? Yes. Well, actually, under the structure of the settlement agreement, any issues of breach of the settlement agreement go back to the district court for adjudication. And have you raised that issue to the district court, breach of the settlement agreement? Breach of the settlement agreement by CropUSA. Here's what CropUSA has done, Your Honor. But was that raised to the district court? No, but let me explain why, if I may. CropUSA has entered into a stipulation and said, whatever monies Diversified has that they owe to me, pay them to Gemcap. Pay off my judgment. In our view, CropUSA hasn't violated the terms of their settlement agreement by directing and cooperating with the release of those monies. It's the district court who's overseeing the structure of the settlement that has refused to adjudicate to finality the issue of the rightful ownership of those proceeds that has caused the problem. So, for me, the court knows the competing owner isn't in the lawsuit. So the district court's not in a position to adjudicate that question. That's exactly what he says in his order. Is that wrong? That is not wrong, but that doesn't preclude... Well, then, if he can't adjudicate it, why should he be ordering where the money be paid if he knows there are competing claimants who aren't in front of him? Because, Your Honor, first of all, the court does have authority under FRCP 65-D2C to continue jurisdiction over the assets that it's been held under. I'm questioning the authority. He never denied he had the authority. He said it doesn't make any sense to exercise it because this litigation isn't going to resolve those competing claims. And if that's not wrong, I don't understand why he should be expected to maintain a hold over the money in the meantime. Because there was no change in circumstances. So what? He put the injunction in place in the first place thinking that it was going to. The litigation was going to adjudicate that question, and if it's now the case that the litigation is not going to adjudicate that question, I can't figure out why he should maintain authority over those funds either. Well, in order to understand that, I suppose, Your Honor, you would have to review the terms of the settlement and the structure that were put in place. All of which leave out the competing claimants. And so he doesn't view his job as enforcing the deal that you and CropUSA made in order to get the money away from the subagents. And I don't think that is his job. I would respectfully disagree with that assessment, Your Honor. In fact, a review of the settlement components involve a number of third parties, insurance companies, law firms, all of whom were not parties to this lawsuit, all of whom were a part of this settlement structure that the Court has maintained its jurisdiction and control over. This situation with the subagents is really no different. And the Court could proceed with the injunction and, in effect, have an interpleader action to have a final adjudication of those issues. As a practical matter, Your Honor, all of these subagents, these mysterious third parties, are, in fact, agents of diversified now. That was one of the consequences. Let me ask you this. Ultimately, the district court has to exercise some discretion in whether it's going to issue the injunction or not or continue the injunction. And we're here as an appellate court reviewing the standard, I guess, is abuse of discretion, right? Yes, Your Honor. How is it that we can possibly say that the district court, under these circumstances that we've been bandying about, has abused its discretion? Well, Your Honor, specifically because the circumstances which give rise to the court's authority to dissolve a preliminary injunction, at a minimum, should require an opportunity for the parties to address those issues specifically before the court undertakes a dramatic remedy such as dissolving a preliminary injunction. But basically, to cut to the chase, you have one remaining defendant in this particular litigation. I know there can be reverses on appeal. I understand that. And that particular defendant has no claim to these funds at all, right, that have been enjoined, right? That's correct, Your Honor. The only person left. That's correct. We have a party that has no entitlement to the funds by virtue of their forfeiture of those funds to GEMCAP in satisfaction of the obligations that they control with their various defendant companies. I'd like to reserve a bit of time, Your Honor, so unless there are other questions you'd like to address at this time. Okay. Thank you. Thank you. We thank you for the argument. We'll hear from CGB Diversified. Good morning, Your Honors. May it please the Court. Clinton McCord on behalf of Diversified Crop Insurance. This appeal addresses a very limited issue, and I think that Your Honors have a firm grasp on it. Our position is covered thoroughly in our brief, so unless you have any questions for me, we'll submit on our brief. Thank you. Thank you. Well, there's not a lot to rebut, but you're entitled to have your time anyway. Thank you, Your Honors. Judge Block, I think that it's important when a court makes a determination, and the cases that guide the circumstances under which a preliminary injunction can be changed, dissolved, modified, require an opportunity for the parties to address those issues specifically with the court before the court sua sponte dissolves a preliminary injunction, particularly when the objective of that preliminary injunction has not been directly addressed to the court. And that's why the cases say that a changed fact or circumstance may give rise to that sort of discretion by the trial court. May the case be remanded because the judge did not give the lawyers a full opportunity to be heard before the injunction was changed? That's right, Your Honor. Specifically, the judge has proposed or forecast that nothing further may happen that would give rise to a change in circumstances that would justify maintaining the preliminary injunction. That itself is not a change in fact or circumstances. That's a prediction by the court. And so by doing that, they've leapfrogged the process of addressing the issue of whether there had been a changed fact or circumstance that would warrant that decision. And in my view, Your Honor, if the court maintains the preliminary injunction in place, this judge is vested with two different hats. He has the continuing authority over the case as a matter of law. He also has his continuing settlement authority over the settling parties, which gives him additional range of powers that could adjudicate and bring to finality these issues. So with that, I believe that the appropriate approach would be to send it back to the lower court with the instruction that in order to dissolve a preliminary injunction of this nature, before the issue that gave rise to that remedy has been adjudicated, that at minimum there be briefing on the issue and potentially an evidentiary ruling so that that judge has all of the issues, particularly the issues relating to the rights of parties that are not before the court, specifically subagents, well in hand before any decisions are made about the disposition of these assets. Thank you very much for your time. Thank you. Thank counsel for your argument. The case just argued is submitted.
judges: Clifton, Ikuta, Block